UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

SARA J. VAN DYKE

              Plaintiff,

        v.

Partners of DEBEVOISE & PLIMPTON LLP,
BREAKING MEDIA, INC., PAUL GALLIGAN,
and DOES 1-6,

              Defendant.

--------------------------------------------------------------x

Civil Action No.: 12 CV 8354 (GBD)

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT PAUL GALLIGAN'S MOTION TO DISMISS

Of Counsel:

Eddy Salcedo, Esq. (ES-3391)
Melissa Starcic, Esq. (MS-0885)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

*Attorneys for Defendant Paul Galligan*

## PRELIMINARY STATEMENT

Defendant Paul Galligan ("Galligan") respectfully submits this memorandum of law in support of the instant motion to dismiss Plaintiff Sara J. Van Dyke's ("Plaintiff") Complaint, dated November 15, 2012 (the "Complaint"), in lieu of answer, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Simply, the Complaint fails to: (a) allege any facts supporting a claim for intentional or negligent infliction of emotional distress as against Galligan (the sole cause of action directed against him); and (b) set forth even the basic elements of a claim for either intentional or negligent infliction of emotional distress.  In fact, the five allegations in the Complaint that make reference to Galligan fail to state any claim whatsoever upon which relief may be granted to Plaintiff.  Therefore, the Complaint should be dismissed as against Galligan with prejudice.

With respect to Galligan, Plaintiff alleges that in connection with an accusation regarding alleged wrongful behavior by a building worker, Galligan, as counsel for the cooperative, conducted an investigation of the employee.  After the investigation was complete, Galligan sent Plaintiff a "letter closing investigation", which Plaintiff then forwarded to Debevoise & Plimpton LLP ("Debevoise"), among others.  Plaintiff alleges, upon information and belief, that her responses to Galligan's "letter closing investigation" were forwarded to Debevoise by Galligan and then Debevoise leaked such responses to the website Above the Law (run by defendant Breaking Media, Inc.).  Notably, Plaintiff alleges no support whatsoever for this belief.  Thus, the sole act of alleged wrongdoing by Galligan is the purported forwarding of these responses regarding the closed investigation to Debevoise.  However, not only is the allegation wholly untrue, but more importantly the alleged conduct, even if it had been

- 1 -

undertaken, could not possibly give rise to any cause of action whatsoever.  Plaintiff admits forwarding Galligan's letter to Debevoise herself and, despite the fact he did not forward her responses to anyone, Galligan was nevertheless under no obligation to maintain Plaintiff's responses confidential.  No possible duty to Plaintiff was breached.  Finally, in addition to failing to allege any actionable conduct as against Galligan, Plaintiff wholly fails to allege any, much less all, of the basic elements for a claim of intentional or negligent infliction of emotional distress.

For the reasons set forth herein, and even viewing the allegations of the Complaint liberally as required for a *pro se* plaintiff[1], the Complaint should be dismissed in its entirety with prejudice as against Galligan pursuant to Federal Rule of Civil Procedure 12(b)(6).

## THE COMPLAINT

Plaintiff has named Galligan as a defendant in the action based solely on the allegations that as the attorney for the co-op in which she resides, Galligan conducted an investigation into the accusations against a building worker (Comp. ¶ 32), at the end of said investigation sent Plaintiff a "letter closing investigation" (Comp. ¶ 32), and then allegedly (for unstated and unknowable reasons) forwarded her email responses to the "letter closing investigation" to Debevoise (Comp. ¶ 32).  More specifically, Galligan is mentioned in exactly five of the 37 prolix paragraphs of the Complaint:  (1) in paragraph 7(vi) of the Complaint Plaintiff alleges that on November 16, 2011 defendant Doe 6 (alleged by Plaintiff to be a "prolific Above the Law commenter") posted a comment on a story on the website Above the

---

[1] Notably, it should also be taken into consideration that Plaintiff is an attorney admitted to practice law in the State of New York and, as she makes amply clear in the Complaint, a graduate of the Yale School of Law.

- 2 -

Law, and that Doe 6's comment somehow related not to the story for which it was posted in response but rather to the emails sent by Plaintiff to Galligan; (2) in paragraph 12 of the Complaint Plaintiff alleges, upon information and belief, that Galligan is a partner in the New York office of Seyfarth Shaw LLP; (3) in paragraph 13 of the Complaint Plaintiff again alleges that Does 1-6 somehow commented on or spread rumors regarding emails sent by Plaintiff to Galligan; (4) in paragraph 34 of the Complaint, Plaintiff alleges "On November 4, 2011, Plaintiff sent Paul Galligan two emails;" and (5) in paragraph 32 of the Complaint, notably the only paragraph that in any way refers to any actions allegedly undertaken by Galligan against her, Plaintiff baldly alleges:

> Harassing Comments.   Paul Galligan conducted a cursory investigation of the building worker in Plaintiff's co-op, upon information and belief, in response to an allegation made by another woman.  In June 2011, Paul Galligan sent Plaintiff a highly undermining "letter closing investigation" falsely claiming that Plaintiff hadn't provided evidence of her claims.  Plaintiff sent this letter, and other emails, to Debevoise, Mike Sirkin at Proskauer, and the Dewey partner, hoping someone would be able to do something about a problem caused in no small measure by Debevoise's Title VII violations and implicating the other two law firm partners.  When it became clear to Plaintiff that she and/or similarly situated others would be facing the building worker's retaliatory rage alone, in August 2011 Plaintiff sent Paul Galligan a response to his "letter closing investigation" and follow-up emails. Upon information and belief, Paul Galligan forwarded all of Plaintiff's emails to Debevoise.  Upon information and belief, in the summer and fall 2011 partners at Debevoise made several undermining or exploitative comments on Above the Law aimed at Plaintiff and her situation.  Plaintiff's August 2011 email to Paul Galligan kicked off a wave of vicious, misogynist, black-is-white comments directed at Plaintiff on Above the Law, upon information and belief mostly from another law firm involved in the dispute ….

A copy of the Complaint is annexed to the accompanying declaration of Eddy Salcedo, Esq., as Exhibit "A."

- 3 -

Thus, the sole conduct alleged to have been taken by Galligan is: (1) conducting an investigation on behalf of his client, the co-op, into accusations against a building employee; (2) closing the investigation once completed and sending Plaintiff a letter to that effect; and (3) allegedly forwarding her email responses to his letter to Debevoise for unstated reasons to an unidentified end.

Moreover, although Plaintiff does not specifically allege any causes of action against any of the defendants, including Galligan, she does make claims for certain relief at pages 22 and 23 of the Complaint ("Relief Section"). Paragraphs (i), (ii) and (iv) of the Relief Section seek relief solely against Debevoise for compensation for lost wages, injury resulting from loss of current and prospective income, loss of career opportunities and loss reputation, as well as a claim for punitive damages. Paragraph (v) of the Relief Section seeks interest, costs and reasonable attorney fees and expenses in the action, but states no possible basis for Plaintiff's entitlement to attorney's fees and/or expenses. The only claim for relief that is made against "all defendants" generally is stated in paragraph (iii) of the Relief Section, in which Plaintiff seeks "compensation for emotional distress and injury resulting from emotional distress from all defendants in an amount to be proven at trial," however, the Complaint is entirely devoid of any allegations of either intentional or negligent infliction of emotional distress as against Galligan.

Consequently, even under the most liberal reading, the allegations of the Complaint simply fail to state any possible claim against Galligan upon which relief could ever be granted to Plaintiff under the Federal Rules of Civil Procedure and the relevant substantive law and, as such, the Complaint should be dismissed with prejudice as against Galligan.

15098826v.3

## ARGUMENT

**I.     The Complaint Fails Under The Pleading Standards
Of Federal Rule Of Civil Procedure 12(B)(6)**

Pursuant to Fed. R. Civ. Proc. 12(b)(6), a complaint should be dismissed for failure to state a claim upon which relief can be granted where the plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1960 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Equal Employment Opportunity Comm. v. Staten Island Savings Bank*, 207 F.3d 144, 148 (2d Cir. 2000). The Court must treat all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the non-moving party. *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation omitted). However, the plaintiff must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949. In order to avoid dismissal, the complaint must "provide the 'grounds' of [the plaintiff's] 'entitlement to relief,' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). This pleading standard applies to "all civil actions," including discrimination suits. *Id.* at 1953.

A *pro se* plaintiff is generally to have their complaint construed liberally, applying a less rigorous standard of sufficiency than when evaluating a complaint prepared by counsel. *Taylor v. Vermont Dept. of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002) (quoting *Lerman v. Bd. of Elections,* 232 F.3d 135, 139-40 (2d Cir.2000)). Nevertheless, when all the necessary elements of the claims are not pleaded or the claims necessarily fail as a matter of law there should be no hesitation in granting a motion to dismiss. *American Medical Assn v. United*

- 5 -

*Healthcare Corp.*, Slip Copy, 2007 WL 683974 (S.D.N.Y.); *Goss v. Leonardo*, 1989 U.S. Dist. LEXIS 5806 (S.D.N.Y) at *9 (dismissing case where claim was so patently invalid that "were petitioner represented by counsel on this petition, we would dismiss without hesitation"). However, as stated, Plaintiff is a trained attorney, admitted to practice in the State of New York. Regardless, here, no matter how liberally Plaintiff's allegations are construed, the Complaint fails to state any cognizable cause of action against Galligan. Therefore, the Complaint should be dismissed with prejudice.

## II.   Plaintiff Fails to Allege Any Wrongdoing, At All, By Galligan, Let Alone a Cause of Action for Emotional Distress

Although Plaintiff makes reference to Galligan in five paragraphs of the Complaint, only a single allegation in paragraph 32 of the Complaint purports any conduct by Galligan that might be a basis for her claims against him, to wit: "Paul Galligan forwarded all of Plaintiff's emails to Debevoise." This allegation is made solely upon information and belief, and is, in fact, incorrect. However, regardless of the truth of the statement, Galligan's alleged forwarding of Plaintiff's emails regarding the closed investigation of the building worker is not grounds for a claim of emotional distress (or any other claim for that matter). Plaintiff simply makes no allegations of wrongdoing against Galligan and does not allege any elements for a cause of action of intentional or negligent infliction of emotional distress.

To sufficiently allege a claim for intentional infliction of emotional distress, Plaintiff must plead "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. New York Post Co.*, 81 N.Y.2d 115 (1993); *Klein v. Metropolitan Child Servs., Inc.*, 2012 N.Y. App. Div. LEXIS 7608

- 6 -

(2d Dep't Nov. 14, 2012); *Suarez v Bakalchuk*, 66 A.D.3d 419 (1st Dep't 2009). The Second Circuit further defined the requirements for properly pleading a claim for emotional distress, stating that:

> The conduct at issue "must transcend the bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community." The conduct alleged "must consist of more than mere insults, indignities and annoyances." Moreover, "[c]ourts are reluctant to allow recovery under the banner of intentional infliction of emotional distress absent a deliberate and malicious campaign of harassment or intimidation." Finally, a court may decide whether alleged conduct is sufficiently outrageous as a matter of law.

*Margrabe v. Sexter & Warmflash, P.C.*, 353 Fed. Appx. 547, 550 (2d Cir. N.Y. 2009) (citations omitted). Here, however, even if Plaintiff's allegations against Galligan are taken as true, Galligan's purported forwarding of Plaintiff's emails regarding the closed investigation to Debevoise, "do[es] not amount to conduct even close to approaching the "threshold of outrageousness needed to support a cause of action for intentional infliction of emotional distress," nor does Plaintiff allege such. *Quinones v Eihab Human Services, Inc.*, 2009 N.Y. Misc. LEXIS 5729, 11-12 (N.Y. Sup. Ct. May 22, 2009) (*quoting Graupner v. Roth*, 293 A.D.2d 408, 410, 742 N.Y.S.2d 208 (1st Dep't 2002)).

Moreover, not only has Galligan never forwarded Plaintiff's August 2011 emails, or any email from Plaintiff for that matter, regarding the closed investigation to anyone, much less at Debevoise, the alleged conduct itself is not grounds for a claim of emotional distress. Plaintiff herself alleges that: (1) she sent Galligan's June 2011 "letter closing investigation" to Debevoise, Mike Sirkin at Proskauer, and "the Dewey partner", thereby informing them of the investigation of Plaintiff's allegations against the building worker at the co-op (Complaint ¶32); and (2) that "the leak originated from Debevoise" (Complaint ¶35). Thus, Plaintiff's allegation, upon information and belief, that Galligan forwarded Plaintiff's emails to Debevoise, has no merit as

- 7 -

Plaintiff herself informed Debevoise of the investigation.  Above all, even if taken as true that Galligan forwarded Plaintiff's emails, which he did not, the forwarding of emails regarding a closed investigation is simply not "extreme or outrageous" conduct on which a cause of action for intentional infliction of emotional distress may be based, especially in light of the fact that this is the only allegation of supposed wrongdoing on the part of Galligan.  None of the other elements of the cause of action are even remotely met by Plaintiff's allegations; there is no allegation of intent to cause emotional distress by Galligan, no allegations of a causal connection between the alleged forwarding of the responsive emails with emotional distress, and most importantly, no allegation that Plaintiff even suffered any emotional distress over the alleged forwarding of her responsive emails.

Similarly, if Plaintiff is claiming negligent infliction of emotional distress, which again, is not clear from the body of her Complaint, a cause of action for negligent infliction of emotional distress is "premised upon the breach of a duty owed directly to the plaintiff which either unreasonably endangers a plaintiff's physical safety or causes the plaintiff to fear for his or her own safety."  *Quinones v Eihab Human Services, Inc.*, 2009 N.Y. Misc. LEXIS 5729, 11-12 (N.Y. Sup. Ct. May 22, 2009) (*citing Daluise v. Sottile*, 40 A.D.3d 801, 837 N.Y.S.2d 175 (2nd Dept 2007).   Here, Galligan, as the attorney for the cooperative, never owed a duty directly to Plaintiff and Plaintiff's alleged cause of action for negligent infliction of emotional distress should be dismissed accordingly.  However, regardless of whether Galligan owed Plaintiff a duty of care, even if Galligan forwarded Plaintiff's responsive emails to Debevoise, which he did not, the forwarding of emails regarding a closed investigation which Plaintiff herself placed Debevoise on notice of is not unreasonable or negligent.  Plaintiff's allegation that Galligan allegedly informed Debevoise of Plaintiff's response to the "letter closing investigation", that

- 8 -

Plaintiff herself forwarded to Debevoise, did not create any threat to Plaintiff's physical safety, nor does she allege such. Therefore, Plaintiff's potential claim for negligent infliction of emotional distress as against Galligan must also fail.

Plaintiff at no point in the Complaint alleges any of the elements of either a cause of action for intentional infliction of emotional distress or negligent infliction of emotional distress because she cannot. The Complaint is entirely devoid of any allegations, let alone sufficient allegations, that Galligan's purported conduct was extreme or outrageous in any way or that the alleged actions of Galligan created a threat to Plaintiff's physical safety. The fact of the matter is that: (1) by forwarding Galligan's "letter closing investigation" to Debevoise, Plaintiff herself informed Debevoise of her claims against the building worker at her cooperative and of the investigation; (2) even if Galligan had forwarded Plaintiff's emails in response to the "letter closing investigation", which he did not, forwarding emails regarding a closed investigation is not wrongful and is not grounds for a cause of action for emotional distress; and (3) Plaintiff utterly fails to allege any of the elements for a claim of intentional or negligent infliction of emotional distress, or for any cause of action for that matter, as against Galligan. For the foregoing reasons, the Complaint as against Galligan should be dismissed with prejudice pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim.

## CONCLUSION

For the reasons set forth herein, it is respectfully submitted that this Court should dismiss Plaintiff's Complaint with prejudice as against Galligan, and grant Galligan such other and further relief which this Court deems just and proper.

Dated:        New York, New York
                 December 20, 2012

                                     Respectfully submitted,

                                     SEYFARTH SHAW LLP

By:                                  
                                     Eddy Salcedo, Esq. (ES-3391)
                                     Melissa Starcic, Esq. (MS-0885)
                                     620 Eighth Avenue
                                     New York, New York 10018-1405
                                     Telephone: (212) 218-5500

                                     *Attorneys for Defendant Paul Galligan*

TO:      Sara J. Van Dyke, Esq. *pro se*
           20 East 35th Street, Apt. 14L
           New York, New York 10016
           (212) 725-2706

15098826v.3