UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| SARA J. VAN DYKE,<br><br>      Plaintiff,<br><br>   -against-<br><br>Partners of DEBEVOISE & PLIMPTON LLP,<br>BREAKING MEDIA, INC., PAUL GALLIGAN,<br>and DOES 1-6,<br><br>      Defendants. | 12 Civ. 8354 (GBD) (RLE)<br><br>ECF Case |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT DEBEVOISE & PLIMPTON LLP'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND
RECOMMENDATION OF THE HONORABLE RONALD L. ELLIS, U.S.D.J.**

        Edwin G. Schallert (egschall@debevoise.com)
        DEBEVOISE & PLIMPTON LLP
        919 Third Avenue
        New York, New York 10022
        (212) 909-6000

        *Attorneys for Defendant Debevoise & Plimpton LLP*

New York, New York
September 23, 2013

I.      **Preliminary Statement**

Defendant Debevoise & Plimpton LLP ("Debevoise") employed plaintiff as an associate from February 2001 to February 2005.  According to the Complaint, plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") in December 2006 and again in May 2012.  The EEOC dismissed her first administrative charge and—after reviewing her second charge—closed its file in September 2012, noting that the charge was not timely filed.  Plaintiff first brought suit against Debevoise in November 2012.  *See* Compl. ¶¶ 5, 37 & Exhibit; Debevoise's Mem. of Law in Support of Mot. to Dismiss at 2-3 (Dkt. 17) & De Simone Decl. Ex. 1, 2 (Dkt. 18).

Debevoise moved to dismiss plaintiff's Complaint on the grounds that (a) plaintiff's core claims under Title VII, state and local anti-discrimination law, and state tort law are time-barred and (b) her remaining, ancillary allegations are far too implausible to state any valid claim.  In her response, plaintiff admitted that the vast majority of her purported federal and state claims have expired.  By plaintiff's own admission, the only remaining allegations that could possibly give rise to a timely claim under either a retaliation or tort theory relate to alleged posts on the legal blog Above the Law.  It is clear from the face of these posts that they could not, as a matter of law, constitute actionable retaliation or intentional infliction of emotional distress because they make absolutely no mention of plaintiff, Debevoise, or any Debevoise lawyer, let alone suggest that they were somehow instigated by Debevoise.

In his Report and Recommendation (Dkt. 50) ( the "Report"), Magistrate Judge Ellis agreed with Debevoise's arguments, finding that plaintiff's Title VII employment discrimination claims are time-barred and that plaintiff failed to establish a *prima facie* case of retaliation.  He also declined to exercise supplemental jurisdiction over plaintiff's state law claims.  He therefore recommended that the Complaint be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure. Because plaintiff has not raised any cogent objections to the grounds on which the Magistrate based his decision, this Court should adopt the Report and dismiss the Complaint in its entirety.

II.     **Argument**

    A.     **The Report Correctly Determined That Plaintiff's Title VII Claims Should Be Dismissed as Untimely and Plaintiff Does Not Argue Otherwise.**

The Report acknowledged Plaintiff's concession that many of her Title VII claims are time-barred. Report at 11, citing Affirmation of S. Van Dyke in Opposition to Defendant Debevoise & Plimpton LLP's Motion to Dismiss (Dkt. 30) ("Affirmation") at 4 ("Much of Debevoise's motion to dismiss is devoted to arguments that potential causes of action described in Plaintiff's Complaint are time-barred, as of course many of them are.") Even so, the Report correctly determined that Plaintiff's allegations relating to events taking place while she was an associate at Debevoise are in fact untimely because (i) she failed to bring suit within 90 days after receiving her first right-to-sue letter from the EEOC in February 2007, and (ii) she failed to timely file her second EEOC charge within 300 days of any alleged conduct giving rise to a claim. Report at 9-11.

As with her Affirmation, plaintiff's Objections to Report and Recommendation of The Honorable Ronald L. Ellis, U.S.D.J. ("Objections") makes no attempt to rebut this conclusion. Because plaintiff does not appear to object to the Report's conclusion that the majority of her Title VII claims are untimely in the present action, the Court should adopt the Report on this point.

    B.     **The Report Correctly Determined That Plaintiff Failed to Establish a *Prima Facie* Case of Retaliation.**

Recognizing that plaintiff's claims arising during her employment with Debevoise are time-barred, the Report found that the only way plaintiff can salvage her Title VII claims is by establishing retaliation based on conduct occurring after July 19, 2011.[1]  Report at 10-11.  To do this plaintiff claimed that Debevoise retaliated against her because she filed EEOC charges by attacking her through comments made on Above The Law.  Report at 11.  A *prima facie* retaliation claim requires plaintiff to show that "(1) she participated in a protected activity; (2) Debevoise knew of the protected activity; (3) Debevoise took an adverse employment action against her; and (4) a causal connection between the protected activity and the adverse employment action."  Report at 12 (citing *Hicks v. Baines,* 593 F.3d 159, 164 (2d Cir. 2010)).  The Report correctly determined that plaintiff's efforts to establish a *prima facie* case fails because she cannot establish the third and fourth elements of a retaliation claim.

        1.        **Plaintiff Failed to Show that Debevoise Took a Materially Adverse Employment Action Against Her**.

Plaintiff cannot satisfy the third element of a *prima facie* case because she alleges no facts showing that Debevoise took a materially adverse employment action against her.  The Report agreed with Debevoise's arguments on the implausibility of her claim that "unknown individuals with knowledge of her EEOC complaints against Debevoise made comments on seemly unrelated articles on ATL in retaliation to her EEOC charges."  Report at 13.

On pages 18 and 19 of her Objections, plaintiff attempts to rebut the Report's finding of no allegations that she suffered from a materially adverse employment action at the hands of Debevoise.  Plaintiff appears to claim that the adverse employment action she suffered was the prospect of negative publicity caused by comments on Above The Law.  Objections at 18.  Even

---

[1] This date is 300 days before plaintiff filed her second charge with the EEOC—the statutory "cut-off" under 42 U.S.C. § 2000e-5(e)(1).  Report at 10-11.

3

assuming that potential negative publicity on a website is a "materially adverse employment action"—which it likely is not—plaintiff does not show that Debevoise or any of its partners were responsible for taking this action against her.  Once again plaintiff does not plausibly explain why she believes comments were posted by or at the behest of Debevoise, how they could possibly be connected to her employment with Debevoise more than seven years ago, and how they could constitute retaliation.

### 2. Plaintiff Failed to Show a Causal Connection Between Her Purported Protected Activities and Any Adverse Employment Action.

As the Report explained, plaintiff does not establish the fourth element of a *prima facie* retaliation claim because she cannot show a causal connection between her filing of the EEOC charges and the adverse action.  Plaintiffs generally establish the necessary causal connection either (i) indirectly by showing very close temporal proximity between the protected activity and the adverse employment action or by other circumstantial evidence like discriminatory treatment of similarly situated employees engaging in the protected conduct, or (ii) directly through evidence of retaliatory animus.  Report at 13-14 (citing *Gordon v. New York City Bd. Of Educ.,* 232 F.3d 111, 117 (2d Cir. 2000); *Clark County School Dist. v. Breeden*, 532 U.S. 268, 273 (2001)).  The Report correctly found that, given that more than five years passed between plaintiff's employment and Debevoise's alleged adverse employment action, the temporal proximity is too remote to establish causation.  Report at 14.

Plaintiff does not address the large time lapse between her EEOC charges and the alleged adverse employment action in her Objections.  Instead, she argues that she has established "background evidence" of "flagrant post-employment retaliation" in her Complaint and therefore temporal proximity is not required.  Objections at 5-6, 10-11.  Plaintiff then repeats many of the speculative allegations in her Complaint and Affirmation, and attempts to include new

4

"background evidence" by attaching several documents to her Objections. Objections at 10-18, Annexes A and B. These documents include correspondence with the EEOC, an email from plaintiff to Larry Cagney (Debevoise partner), several news articles, the transcript from a 2007 Debevoise video campaign, and pieces of articles and comments from Above The Law. *See* Objections, Annexes A and B.

    First, plaintiff's reliance on *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166 (2d Cir. 2005) for the assertion that she need only show "background evidence" to establish a causal connection for a *prima facie* case is misplaced. Objections at 5-6, 10-11. In *Jute*, the court held that otherwise time-barred allegations of retaliation—which the court called "background evidence—can be considered depending on the circumstances surrounding the claim. *Jute*, 420 F.3d at 176. The court did not suggest that "background evidence" alone can prove a causal connection between an employee's protected conduct and an employer's adverse employment action, especially when such evidence is as tenuous as it is here. *Id.* at 176-77 (citing *Roebuck v. Drexel Univ.*, 852 F.2d 715, 733 (3d Cir.1988) (decisionmaker's statements of racial bias "standing alone, occurring as they did over five years before the [adverse employment action], could not suffice to uphold a finding [of discrimination, although] they do add support, in combination with the other evidence, to th[at] ultimate conclusion")).

    Second, even if plaintiff were allowed to establish the causal connection element of a *prima facie* case solely by relying on "background evidence," she still fails to meet that burden. The additional evidence in plaintiff's Objections suffers from the same fatal flaw as plaintiff's previous evidence: it is so convoluted and lacking any connection between Debevoise, plaintiff, and plaintiff's discrimination charges that it cannot form the basis of a plausible claim. For example, in her Objections Plaintiff alleges that after a friend told her of "the 'weirdest vibe'" in

5

Cagney's department, plaintiff checked the "you just need to get over it" comment posted by "Bonobo_Bro" in response to an article published on Above the Law about a murder. Objections at 15 (citing to Annex B at B-21). Plaintiff claims that the number of "likes" on that comment had increased, and that "[i]t can reasonably be inferred that, because of the drama in the co-op [relating to Defendant Galligan], Debevoise was at last conducting a proper Title VII investigation that should have been done in 2004 or June 2006, and associates were reacting on ATL." Objections at 15-16. Plaintiff also suggests that "[m]any, many comments on ATL in the spring of 2012 suggest that the highlights of what Debevoise did to Plaintiff are now an open secret." Objections at 16. Even construing this evidence in the light most favorable to plaintiff, the posts do not mention or identify plaintiff or Debevoise, let alone show a connection between plaintiff's filing of EEOC charges and Debevoise's alleged adverse employment action against her as a result. This is plainly not the type of circumstantial evidence required to prove a causal connection for a retaliation claim.

Plaintiff raises no objection to the Report's finding that the temporal proximity between her employment at Debevoise and the alleged comments made by Debevoise on Above The Law "is too remote to carry her burden of establishing a *prima facie* case of retaliation." Report at 14. Because she neither objects to this finding nor points to other evidence supporting a plausible claim of retaliation, the Report should be adopted and this claim should be dismissed.

   C. **Plaintiff Raises No Valid Objection to the Magistrate's Decision to Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims.**

The Report declined to exercise supplemental jurisdiction over plaintiff's claims under the New York State Human Rights Law, New York City Human Rights law, and for intentional and negligent infliction of emotional distress. Report at 15. As the Report noted, "[f]ederal courts normally decline to exercise jurisdiction when all the federal claims have been dismissed

before trial." *Id.* (citing *Marcus v. AT&T Corp.,* 138 F.3d 46, 57 (2d Cir. 1998)). Therefore, the Report recommended dismissing plaintiff's state law claims. *Id.*

Plaintiff raises no objection to the Report's decision on this point. In fact, plaintiff seems to have abandoned her state law claims after noting in her Affirmation that many of her allegations are time-barred and by failing to mention the state law claims in her Objections. Even if this court were to exercise supplemental jurisdiction over her state law claims, the only possibly timely allegations left to support these claims concern the Above the Law posts, which, as described above, have no discernible connection to either plaintiff or Debevoise.

### III. Conclusion

As the Report found, plaintiff's allegations are either time-barred or too far-fetched and implausible to justify further litigation. Plaintiff's Objections regarding her timely claims cannot overcome their basic deficiency: that allegations relating to a string of entirely unrelated blog posts with no connection to plaintiff or Debevoise does not meet the required plausibility standard to survive a Rule 12(b)(6) motion. For the reasons set forth above, the Court should adopt the Report and dismiss plaintiff's Complaint in its entirety.

Dated:   New York, New York
         September 23, 2013

                                        DEBEVOISE & PLIMPTON LLP

                                        By: /s/ Edwin G. Schallert
                                        Edwin G. Schallert
                                        *egschall@debevoise.com*
                                        919 Third Avenue
                                        New York, New York 10022
                                        (212) 909-6000

                                        *Attorneys for Defendant Debevoise & Plimpton LLP*