UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARA J. VAN DYKE,

                Plaintiff,

     -against-

PARTNERS OF DEBEVOISE & PLIMPTON
LLP, BREAKING MEDIA, INC., PAUL
GALLIGAN, AND DOES 1-6,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 24 2013

MEMORANDUM DECISION
AND ORDER

12 Civ. 8354 (GBD) (RLE)

GEORGE B. DANIELS, United States District Judge:

    Pro se Plaintiff Sara Van Dyke brings this action for employment discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and related state laws, against Debevoise & Plimpton, LLP ("Debevoise"), Breaking Media, Inc. ("Breaking Media"), Paul Galligan and Does 1-6, collectively the "Defendants." Plaintiff also brought intentional and negligent infliction of emotional distress claims against the Defendants. Debevoise and Galligan have separately moved to dismiss the Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6), and Defendant Breaking Media moved to dismiss the Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(1). ECF Nos. 6, 17, 24. Plaintiff alleges that she was subjected to unlawful bullying and humiliation by partners at Debevoise, and that the discriminatory behavior included sexual harassment, sex discrimination and a hostile work environment. Before the Court is Magistrate Judge Ronald L. Ellis' August 19, 2013 Report and Recommendation ("Report") in which he recommended dismissal of Plaintiff's Complaint. ECF No. 50. This Court adopts Magistrate Judge Ellis' Report in its entirety. Defendants' motion to dismiss is GRANTED.

    The Court may accept, reject or modify, in whole or in part, the findings and

recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Ellis advised the parties that pursuant to 28 U.S.C. § 636(b)(1), failure to file timely objections within fourteen days after being served with a copy of the Report would result in their waiver and preclude appellate review. Plaintiff filed objections to the Report on September 6, 2013, eighteen days after Magistrate Judge Ellis issued the Report. ECF 52. In light of Plaintiff's status as a pro se litigant, and the Docket entry that advised that objections were due September 6, 2013, ECF No. 50, the Court has exercised its discretion to consider Plaintiff's objections. The objections of parties appearing pro se are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." Milano v. Astrue, 05–CV–6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). Nevertheless, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Pinkney v. Progressive Home

2

Health Servs., No. 06–CV–5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted). Plaintiff's objections, although voluminous, do not advance any arguments that are specifically targeted at the reasoning in the Report. The objections simply recount the alleged factual underpinnings of Plaintiff's claims in her Complaint. See ECF Nos. 1, 52. Such perfunctory objections that are not clearly aimed at particular findings in the Report do not trigger de novo review. McDonaugh v. Astrue, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009).

Magistrate Judge Ellis properly determined that Van Dykes's claims of emotional distress against Breaking Media arise under state, not federal, law. See, e.g., Howell v. New York Post Co., Inc., 596 N.Y.S.2d 350, 353 (1993). Further, there is no diversity jurisdiction between Van Dyke and Breaking Media because Van Dyke is a New York citizen and Breaking Media's principal place of business is in New York. See 28 U.S.C. § 1332; Compl. ¶¶ 9, 11. Therefore, the Court cannot exercise subject matter jurisdiction. See 28 U.S.C. 1331. Breaking Media's' motion to dismiss the emotional distress claims is GRANTED.

Magistrate Judge Ellis also properly determined that Van Dyke's claims against Paul Galligan lack subject matter jurisdiction and are subject to dismissal. As noted supra, Plaintiff's claims of emotional distress are grounded in state law. Furthermore, Plaintiff has not alleged any fact indicating that Galligan is not a resident of New York and has not demonstrated diversity of citizenship within her Complaint. Her sole allegation with regard to Galligan's residence is that he "is an attorney licensed in New York, and is a partner in the New York office of Seyfarth Shaw LLP." Compl. ¶ 12. Even if diversity of citizenship did exist, Magistrate Judge Ellis correctly found that the amount in controversy requirement has not been satisfied. See 28 U.S.C. § 1332. Plaintiff's allegations do not appear to rise to the high standards for proving intentional and negligent infliction of emotional distress. See Murphy v. American Home Prods. Corp., 58 N.Y.2d 293, 303 (1983); Ornstein v. New York City Health and Hosp. Corp., 10 N.Y.3d 1, 6 (2008). Given Plaintiff's failure to plead facts that support diversity of citizenship

and damages in excess of $75,000, the Court does not have subject matter jurisdiction for her claims against Galligan. Galligan's motion to dismiss is GRANTED.

Magistrate Judge Ellis properly concluded that Plaintiff's non-retaliation Title VII claims against Debevoise are time-barred and subject to dismissal. Pursuant to 42 U.S.C. § 2000e-5(f)(1), an individual who files an administrative charge with the EEOC and receives a right-to-sue letter must file suit within 90 days. Plaintiff filed her first administrative charge with the EEOC against Debevoise in December, 2006. She received a right-to-sue letter on February 9, 2007. Plaintiff had until May 10, 2007, to bring suit against Debevoise, and did not file this action until November 15, 2012, five years and five months after the statute of limitations had run. See 42 U.S.C. § 2000e-5(f)(1); ECF No. 1.

Plaintiff filed her second EEOC administrative charge on May 14, 2012, alleging discrimination and retaliation against Debevoise, which allegedly occurred after 2005. Compl. ¶ 7. Pursuant to 42 U.S.C. § 2000e-5(e)(1), an individual must file an EEOC charge within 300 days of the alleged violation before she can bring a claim in federal court. Here, Plaintiff did not file her second EEOC charge until May 14, 2012, meaning that only conduct that allegedly occurred within 300 days of that date – *i.e.* after July 19, 2011 – is potentially actionable. As Magistrate Judge Ellis properly determined, time bars preclude Plaintiff from pursuing her Title VII claims with respect to sex discrimination; harassment and retaliation during Plaintiff's 2001-2005 employment; and the creation of a hostile work-environment. Time bars also preclude the alleged "malicious gossip" spread about Plaintiff to another law firm between 2006 and 2009; the allegedly upsetting conversations with Mr. Rosen in 2005 and 2006; the alleged statements in the *American Lawyer* magazine in 2005; and the alleged "video campaign" against Plaintiff in 2007. These claims are untimely in the present action and the Court adopts the Report's recommendation to dismiss these claims as time barred.

4

Magistrate Judge Ellis also correctly applied the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) and found that Plaintiff fails to establish a *prima facie* case of retaliation against Debevoise. In the first instance, Plaintiff fails to show that Debevoise took a materially adverse employment action against her. See Williams v. R.H. Donnelley, Corp. 368 F.3d 123, 128 (2d Cir. 2004). "Employment actions that have been deemed sufficiently disadvantageous to constitute an adverse employment action include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices...unique to a particular situation." Id. (citations omitted). Making inferences most favorable to Plaintiff, the alleged unlawful conduct – including retaliatory and harassing comments, malicious gossip, and leaking of sensitive information – do not constitute a materially adverse employment action. Such allegations do not establish a materially adverse employment action because they do not reasonably dissuade an employee from asserting a discrimination charge.

As Magistrate Judge Ellis also noted, even if Plaintiff could show a materially adverse action, she has not pled any fact indicating that an adverse action against her was motivated by a complaint of discrimination or any other protected conduct, as is required to properly plead a retaliation claim. See Hedges v. Town of Madison, 456 Fed.Appx. 22, 23 (2d Cir. 2012). The five-year lapse between Plaintiff's alleged protected conduct and the alleged comments on Above the Law demonstrates that there can be no plausible connection between them. See, e.g., Clark Cnty. School Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) (holding that an adverse action that had taken place twenty months after the protected activity "suggests, by itself, no causality at all"). Accordingly, Debevoise's motion to dismiss Plaintiff's Title VII claims is GRANTED.

Plaintiff's remaining claims under the New York State Human Rights Law, New York City Human Rights Law, and for intentional and negligent infliction of emotional distress, are all grounded in state law. Federal courts normally decline to exercise jurisdiction over state law claims when all the

5

federal claims have been dismissed before trial. See Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998). This Court declines to exercise supplemental jurisdiction over these non-federal claims.

## Conclusion

Defendants' motions to dismiss are GRANTED. The Clerk of the Court is directed to close this case.

Dated: New York, New York
September 24, 2013

SO ORDERED

*George B. Daniels* (signature)

GEORGE B. DANIELS
United States District Judge